UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHON SOFFER, | Case No. 2:14-cv-01241-JCM-GWF |
| Plaintiff, | ORDER |
| v. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, | |
| Defendants. | |

## I.   Background

Presently before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion to dismiss. (Doc. # 5.) *Pro se* plaintiff Jonathon Soffer filed a response (doc. # 21) and defendant filed a reply (doc. # 22).

Plaintiff commenced this action in the Eighth Judicial District Court of Clark County, State of Nevada. Plaintiff filed a one-paragraph amended complaint against LVMPD on June 27, 2014. (Doc. # 1.) In his complaint, plaintiff asserts that LVMPD officers on duty dislocated his shoulder when he was arrested and taken to jail. (*Id.*) Plaintiff states that the officers took him to "UMC"[1] and "left him in great pain." (*Id.*) It is unclear whether plaintiff was actually taken to jail and at what point in the timeline this occurred. Plaintiff seeks "full compensation" for "all the suffering [he] went through." (*Id.*)

LVMPD removed this case on July 29, 2014. (*Id.*) On August 5, 2014, LVMPD filed the instant motion to dismiss. Plaintiff represented that he was in poor health and that his nephew,

---

[1] Based on information provided in plaintiff's response to LVMPD's motion to dismiss, the court believes "UMC" refers to University Medical Center of Southern Nevada.

an attorney, would assist plaintiff with his case if given more time. The court granted plaintiff four extensions, totaling 135 days, to respond to defendant's motion to dismiss.[2]

Plaintiff filed his response on January 5, 2015. Despite numerous responses so plaintiff could obtain the assistance of his nephew, an attorney, the complaint appears to have been filed *pro se* on a form sheet for the First Judicial District Court in the State of Nevada, Carson City.

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id*. at 1949.

Where the complaint does not "permit the court to infer more than the mere possibility of

---

[2] First, the court granted plaintiff's request for a 45-day extension on August 15, 2014. (Doc. # 10.) Second, the court granted *sua sponte* an additional 45-day extension for plaintiff to respond on October 9, 2014. Third, the court granted plaintiff a 30-day extension on December 1, 2014. Finally, the court granted a 15-day extension on December 23, 2014.

misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id*. (internal quotations and alterations omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, "[f]irst, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

**III.     Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted).  However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

Plaintiff does not identify a cause of action in his one-paragraph complaint.  LVMPD's motion to dismiss assumes that, because plaintiff filed suit against LVMPD in a seemingly official capacity, plaintiff is asserting only a *Monell* claim.  In his response, plaintiff clarifies, "I am not requesting to hold LVMPD vicariously liable here and my complaint is based solely on the behavior of one particular officer." (Doc. # 21.)

The court can rule only on claims properly raised within the four corners of the complaint. Plaintiff concedes that he did not state a *Monell* claim and states that he does not yet have all of the information he needs to detail his complaint against the individual officer who allegedly injured him. (Doc. # 21.)  Despite plaintiff's concession, the court will, out of an abundance of

3

caution, review plaintiff's complaint with respect to a potential *Monell* claim. The court finds also, construing plaintiff's complaint liberally, that plaintiff's claim appears to be focused on allegations stemming from an individual officer's alleged use of excessive force. Accordingly, the court will analyze plaintiff's claims under 28 U.S.C. § 1983 as well.

    A.    *Monell Claims/Municipal Liability*

"Municipalities" are 'persons' under 42 U.S.C. § 1983 and thus may be liable for causing a constitutional deprivation." *Long*, 442 F.3d at 1185 (9th Cir. 2006) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "[T]he municipality itself must cause the constitutional deprivation and [ ] a city may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior." *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

In order to state a *Monell* claim against a municipality for "deliberate inaction," the plaintiff must state: "(1) that he [or she] possessed a constitutional right of which he [or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy was the moving force behind the constitutional violation." *Miranda v. City of Cornelius*, 429 F.3d 858, 868 (9th Cir. 2005) (quoting *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004)[3]; *Levine v. City of Alameda*, 525 F.3d 903, 907 (9th Cir. 2008) ("To establish liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to deliberate indifference to the constitutional right and was the moving force behind the constitutional violation.")

Plaintiff has failed to state a *Monell* claim in his complaint. Plaintiff alleges that the officers on duty dislocated his shoulder when they arrested him. (Doc. # 1.) Plaintiff does not

---

[3] The Ninth Circuit has also established a different formulation of *Monell* liability. "A plaintiff may also establish municipal liability by demonstrating that (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official policy; or, (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate." *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Whatever differences may exist between these two formulations of *Monell* liability have no effect on the outcome of this motion to dismiss.

allege anything to suggest that the LVMPD tolerated or promulgated a policy or custom allowing officers to violate plaintiff's rights.  There is nothing in the one-paragraph complaint that suggests the actions of the officers emanated from any policy or custom of LVMPD.  Additionally, plaintiff states in his response to LVMPD's motion to dismiss that he is not alleging wrongdoing promulgated by LVMPD, but is only seeking to assert claims against the "one officer and the video will show that." (Doc. # 21.)  Plaintiff's *Monell* claim will, accordingly, be dismissed.

### B. 42 U.S.C. § 1983 – Excessive Force

Title 42 U.S.C. § 1983 provides a cause of action for the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. Cnty. of Los Angeles,* 442 F.3d 1178, 1185 (9th Cir. 2006).

According to plaintiff's version of the events, an unidentified officer dislocated plaintiff's shoulder during the course of his arrest and transfer to jail. (Doc. # 5-1.)  Plaintiff states that the officers took him to "UMC"[4] and "left him in great pain." (*Id.*)

The individual officer involved has not been identified.  Plaintiff elaborates in his response to LVMPD's motion to dismiss that an unidentified police officer, while removing the cuffs from plaintiff's hands, "swiveled [plaintiff's] left arm and twisted it to place it above [his] head." (Doc. # 21.)  Plaintiff asserts that he started ranting and screaming due to the pain. (*Id.*)  After the incident, a doctor examined plaintiff and determined that plaintiff dislocated his shoulder. (*Id.*)

Plaintiff states he opposes LVMPD's motion to dismiss because he has not yet been able to identify the individual police officer who caused his "calamity." (Doc. # 21.)  Plaintiff filed his complaint hoping that, during discovery, the court would order LVMPD to release the video to him so he could "glean the information which I need to complete my complaint," and identify

---

[4] University Medical Center of Southern Nevada

5

the individual officer who allegedly injured him.  (*Id.*)

LVMPD did not address plaintiff's potential § 1983 excessive force claim in its motion to dismiss, or in its reply to plaintiff's response.  Construing plaintiff's complaint liberally, the court finds these allegations sufficient to state a claim for excessive force under 42 U.S.C. § 1983.  Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Las Vegas Metropolitan Police Department's motion to dismiss (doc. # 5) is GRANTED as to plaintiff's *Monell* liability claim and DENIED as to plaintiff's 42 U.S.C § 1983 claim.

IT IS FURTHER ORDERED that plaintiff's *Monell* liability claim is DISMISSED without prejudice.

DATED THIS 14th day of January, 2015.

JAMES C. MAHAN  
UNITED STATES DISTRICT JUDGE