UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHON SOFFER,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:14-CV-1241 JCM (GWF)<br><br>ORDER |

Presently before the court is defendant Las Vegas Metropolitan Police Department's ("LVMPD") motion for summary judgment. (ECF No. 51). *Pro se* plaintiff Jonathon Soffer has filed no response. (ECF No. 53).

**I.　　Introduction**

Defendant removed this case from the Eighth Judicial District Court of Clark County on July 29, 2014. (ECF No. 1). The entirety of plaintiff's allegations read:

> I was arrested and taken to jail where the officers who were on duty dislocated my shoulder. They took me to [University Medical Center of Southern Nevada] where they left me in great pain. In the end no charges were filed and they need to compensate me for all the suffering [sic] went through. I am asking for a full compensation.

(ECF No. 1 at 7).

Essentially, plaintiff's arrest was based upon an outstanding fugitive warrant and trespassing. (ECF Nos. 1, 51). Upon arrival at the Clark County Detention Center, an officer allegedly pulled plaintiff's left arm around to the back of his head. (ECF No. 51 at 36). It appears that plaintiff further alleges that the movement dislocated his shoulder. *See* (ECF No. 1). Plaintiff subsequently received medical care. (ECF No. 51 at 36).

On January 15, 2015, this court granted a motion to dismiss in part, allowing an excessive force claim brought under 42 U.S.C. § 1983 to survive. (ECF No. 23). In that order, this court

**James C. Mahan**
**U.S. District Judge**

noted that plaintiff had not been able to identify the officer that allegedly dislocated plaintiff's shoulder. (*Id.*).

On April 11, 2016, defendant filed the present motion for summary judgment. (ECF No. 51). In the motion, defendant argues, *inter alia*, that: (1) plaintiff's excessive force claim is not asserted against any viable defendant; (2) plaintiff is unable to cure his lack of officer identification; and (3) any amendment to the complaint would be futile. (*Id.*).

## II. Legal Standard

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed*., 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc*., 213 F.3d 474, 480 (9th Cir. 2000). Moreover, "[i]n such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *Id.*

By contrast, when the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the non-moving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp*., 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the non-moving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

**James C. Mahan**
**U.S. District Judge**

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

### III.     Analysis

Although this court did not dismiss what it interpreted to be an excessive-force claim brought under § 1983, the January 15, 2015, order noted two necessary elements for a § 1983 claim: "(1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was *committed by a person acting under the color of State law*." (ECF No. 23) (emphasis added) (quoting *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

The only defendant in this case is LVMPD. Defendant correctly argues "that the mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 n.58 (1978). Indeed, "[t]here is no respondeat superior liability under section 1983." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Shaw v. State of California Dep't of Alcoholic Beverage Control*, 788 F.2d 600, 610 (9th Cir. 1986). As indicated in this court's January 15, 2015, order, plaintiff's complaint has also failed to indicate a "policy or custom" that was the source of his injury, which would have circumvented the bar on *respondeat superior* liability. *Long*, 442 F.3d at 1185; *see also* (ECF No. 23).

To date, plaintiff has failed to amend his complaint to add the relevant officer as a defendant in the present case. Therefore, there is no possible showing of liability under plaintiff's remaining claim, even when considering his *pro se* status. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Jacobson v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

### IV.     Conclusion

Due to plaintiff's inability to attach liability to the sole defendant under the remaining cause of action, the present motion shall be granted.

**James C. Mahan**
**U.S. District Judge**

- 3 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant LVMPD's motion for summary judgment (ECF No. 51) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED December 23, 2016.

*/s/ James C. Mahan*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -